UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY LEON SPATCHER, CDCR #BJ-9222,<br><br>         Plaintiff,<br><br>  vs.<br><br>SHERIFF GORE;<br>JOHN DOE PSYCH DOCTOR,<br><br>         Defendants. | Case No.: 3:20-cv-01089-JAH-LL<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>**AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF No. 2]** |

  Plaintiff Gregory Leon Spatcher, currently incarcerated at the California Institution for Men in Chino, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

## I.  Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he filed in this Court last year. *See Spatcher v. San Diego Sheriff Dept., et al.*, S.D. Cal. Civil Case No. 3:19-cv-1919-BAS-BLM (*"Spatcher I"*). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Spatcher I*, Plaintiff sued the San Diego Sheriff's Department, Vista Detention Facility, San Diego Central Jail, George Bailey Detention Facility, Vista Detention Facility's Medical [Department], the County of San Diego, Deputies Lake and Escobar, several other unidentified Central Jail Deputies, and "John Doe, Psych Doctor/Mental Health," for allegedly denying him adequate medical and mental health care at various

County facilities in May, June, and July 2019—all immediately following his arrest on May 7, 2019. *See Spatcher I*, Amend. Compl., ECF No.4 at 4-6. Specifically, Plaintiff alleged to have filed a grievance related to his lack of mental health treatment on June 10, 2019, after he "started hearing voices" and requested to see a "psych doctor to start [his] medication." *Id.* at 6. Plaintiff claimed he "never saw anyone until June 23, 2019, after [he] took a four year deal," and claimed he was "forced" to plea guilty as a result of his lack of mental health care. *Id.*

On January 27, 2020, Judge Bashant dismissed portions of Plaintiff's Amended Complaint in *Spatcher I* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), including his inadequate mental health care claims against "John Doe Psych Doctor," but determined Plaintiff's inadequate medical care claims against San Diego Sheriff's Department Deputies Lake and Escobar were sufficient to survive sua sponte screening. *See Spatcher I*, ECF No. 5 at 6–9. A summons issued and Judge Bashant directed the U.S. Marshal to effect service upon Deputies Lake and Escobar on Spatcher's behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). *Id.* at 9–10. The case was dismissed without prejudice on August 13, 2020, however, after Plaintiff failed to respond to an Order to Show Cause why the case should not be dismissed based on his failure to prosecute. *See Spatcher I*, ECF Nos. 8–9.

In the Complaint Plaintiff filed in this case on June 15, 2020, Spatcher again seeks to sue the San Diego County Sheriff and "John Doe Psych Doctor" for failing to provide him adequate mental health care while he was detained in the San Diego Central Jail and George Bailey Detention Facility after his arrest on May 7, 2019. *See* Compl., ECF No. 1 at 2–4. Specifically, Plaintiff repeats his previous allegations of having "put in a[n] inmate grievance" after he "started hearing voices telling [him] to sign a prison deal," and having filled out a "medical request to see the psych doctor" on May 10, 2019 and/or May 11, 2019. *Id.* at 1, 3–4. Plaintiff realleges, as he did in *Spatcher I*, that while a "psych doctor came to [his] cell door," he was denied any opportunity to consult with the doctor privately until after he pled guilty and "got sentence[d]." *Id.* at 4.

As pleaded, the Court finds Plaintiff's claims in this case are duplicative of those previously alleged and dismissed in *Spatcher I*. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought and had dismissed the same claims as those presented in the instant action against the same defendants in *Spatcher I*, dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion and Order

Good cause appearing, the Court:

1) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

2) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as moot.[1]

---

[1] The Court denies Plaintiff's Motion to Proceed IFP as moot based on the sua sponte dismissal of this action, but cautions Plaintiff that he may be barred from proceeding IFP in any *future* civil action or appeal while he remains incarcerated pursuant to 28 U.S.C. § 1915(g). "The Prison Litigation Reform Act (PLRA) instituted a 'three-strikes' rule in an effort to disincentivize frivolous prisoner litigation." *Hoffmann v. Pulido*, 928 F.3d 1147, 1148–49 (9th Cir. 2019). "Pursuant to the PLRA, once a prisoner has had three actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, that prisoner is no longer permitted to file an action in forma pauperis unless the prisoner is in imminent danger of serious physical injury." *Id.* (citing 28 U.S.C. § 1915(g)). This "broad language covers all such dismissals: It applies to those issued both with and without prejudice to a plaintiff's ability to reassert his claim in a later action." *Lomax v. Ortiz-Marquez*, __ U.S. __, 140 S. Ct. 1721, 1724 (2020). While Plaintiff did not

3)      **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4)      **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: September 16, 2020

_____
Hon. John A. Houston
United States District Judge

---

yet have three strikes "called" against him when he filed this case on June 15, 2020, *see id.* at 1724–25, this Court takes judicial notice of an Order to Show Cause issued on August 27, 2020 in a subsequent civil action Plaintiff filed in the Central District of California on August 24, 2010. *See Bias*, 508 F.3d at 1255; *Spatcher v. Rivera, et al.*, C.D. Cal. Civil Case No. 5:20-cv-01705-DSF-KES ("*Rivera*"). The magistrate judge assigned to *Rivera* has identified three qualifying strike dismissals that may preclude his ability to proceed IFP in that case, and in other future federal civil actions or appeals. *See Rivera*, C.D. Cal. Civil Case No. 5:20-cv-01705-DSF-KES (ECF No. 4 at 2–4) (citing *Spatcher v. Baird*, S.D. Cal. Civil Case No. 3:19-cv-01936-BAS-MSB (ECF Nos. 3, 4) (strike one); *Spatcher v. City of Oceanside*, et al., S.D. Cal. Civil Case No. 3:19-cv-2281-JAH-RBM (ECF No. 3) (strike two); and *Spatcher v. City of Oceanside, et al.*, S.D. Cal. Civil Case No. 3:20-cv-01554-JLS-WVG (ECF No. 3) (strike three)).